(158 App. Div. 239.)

### HALL v. WIDGER.

(Supreme Court, Appellate Division, Third Department. July 8, 1913.)

WITNESSES (§ 275*)—CROSS-EXAMINATION—IMMATERIAL QUESTIONS.

Where, in an action for an alleged assault upon plaintiff at her residence, the testimony was conflicting as to the fact of the assault, it was error to permit counsel for plaintiff, on cross-examination of defendant, to ask concerning another woman, whose name nowhere else appeared in the record; the only purpose being to prejudice defendant before the jury.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 924, 926, 967–975; Dec. Dig. § 275.*]

Kellogg, J., dissenting.

Appeal from Trial Term, Cortland County.

Action by Margaret Hall against Byron E. Widger. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

James F. Dougherty, of Cortland, for appellant.
Thomas E. Courtney, of Cortland, for respondent.

PER CURIAM. The judgment appealed from was entered upon a verdict awarding the plaintiff damages for an alleged assault commit-

ted by defendant upon plaintiff at her residence on the afternoon of May 22, 1912. It was conceded upon the trial that earlier in the afternoon plaintiff, who had had considerable dealings with defendant relative to house furnishings, called defendant by telephone and inquired if he had a charcoal flat iron. Defendant said he had not, but had a gasoline flat iron and would send it down. Within a half hour he took it to plaintiff's rooms, adjusted it, and showed plaintiff how to use it. It was immediately following this that the plaintiff claims the assault occurred. There were no other persons present at the time, although plaintiff says she told defendant that her sister was there in plaintiff's rooms. The plaintiff does not claim to have suffered any physical injuries, other than the nervous shock which accompanied defendant's acts of placing his hand on her arm and making improper proposals. The defendant denied that he committed any assault or used any improper language.

Upon the cross-examination of the defendant the following appears in the record; the name of the woman and of her husband being omitted in this opinion:

"Q. Do you know Mrs. ——— in Cortland? (Objected to. Objection overruled. Exception.) A. Yes. Q. How long have you known her? (Objected to as incompetent, inadmissible, and improper. Objection overruled. Exception.) A. A year, I think. Q. She lives where? (Objected to as incompetent, improper, and immaterial. Objection overruled. Exception.) A. She lives on Otter Creek Place, I think. Q. Her husband is ——— ? (Objected to as incompetent, inadmissible, and improper. Objection overruled. Exception.) A. I think his name is ———. Q. Did you ever call on Mrs. ——— at her place? (Objected to as incompetent, immaterial, and improper. Objection overruled. Exception.) Q. Did you ever call on Mrs. ——— at her house? (Objected to as incompetent, inadmissible, and improper. Objection overruled. Exception.) A. I called at their house; yes, sir. Q. Did you call on her? A. No, sir. Q. Who did you call on? (Objected to as incompetent, inadmissible, and improper. Objection overruled. Exception.) A. I called on Mr. ———. Q. For what purpose? A. Collect bills. (Objected to on same grounds. Objection overruled. Exception.) Q. How often did you call there? (Objected to on same grounds. Same ruling. Exception.) A. I called until I got my money. Q. Frequently? A. No, sir."

Upon the direct examination of the defendant he was not questioned regarding this woman or her husband, and nowhere in the record do their names appear, or any reference whatever to either of them. The fact that this examination, which was clearly immaterial and improper, was considered prejudicial to the defendant, furnishes the only reasonable explanation for its being had. That its effect may have been to influence the verdict of some of the jurors is not at all improbable, in view of the flat contradiction which existed between the testimony of the plaintiff and defendant.

For error in the admission of this testimony, the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event.

* JOHN M. KELLOGG, J. (dissenting). I think the evidence fairly sustains the recovery, and that the questions referred to in the opinion were not an abuse of the rights of an attorney in cross-examination,

but were fairly within the discretion of the court. The answers were harmless, and show that the questions were without foundation and unreasonable.

I favor an affirmance